IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LORENE CHITTENDEN,

    Defendant.

1:12-cr-00394-LO
1:19-cv-00972-LO

### MEMORANDUM OF LAW AND FACTS IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

### I. INTRODUCTION

Lorene Chittenden ("Chittenden") hired attorneys John Davis ("Davis") and Doug Ross ("Ross") without knowing that Davis and Ross had close business relationships with Cardinal Bank, the federally insured institution Chittenden was accused of defrauding. Davis and Ross' failure to disclose their relationship with Cardinal Bank impaired Chittenden's ability to knowingly and voluntarily exercise her right to choose counsel of her choice, and to knowingly and voluntarily exercise the corollary of that right—the right to fire retained counsel. For this and the other reasons argued herein, the Court should grant Chittenden 28 U.S.C. § 2255 relief and vacate her convictions.

## II.   STATEMENT OF FACTS

Chittenden was a loan officer at George Mason Mortgage from 1999 until 2008. *United States v. Chittenden*, 848 F.3d 188, 192 (4th Cir. 2017). The Government charged Chittenden with conspiring to defraud Cardinal Bank and engaging in multiple counts of bank fraud in connection with stated income loans involving Hispanic first-time home loan borrowers. *Id.*

Chittenden hired John Davis to represent her before she was indicted. (Chittenden Decl. ¶ 1). Shortly after Chittenden was indicted, the Government successfully restrained Chittenden's substantial, untainted assets. (ECF 28). Chittenden became dissatisfied with Davis' representation and asked him to seek release of her funds so Chittenden could hire new counsel. (Chittenden Decl. ¶ 16). Davis refused. (Chittenden Decl. ¶ 16).

Chittenden, solely because of the generosity of others, then hired Doug Ross to also assist with her defense. (Chittenden Decl. ¶¶ 17-18). But Chittenden soon became dissatisfied with Ross as well and reiterated her request to Davis that he obtain release of her assets from restraint. (Chittenden Decl. ¶¶ 21-22). Davis refused. (Chittenden Decl.

¶ 23). Neither Davis nor Ross told Chittenden that she had the absolute right to fire them—and that if she did so—the Court would have been required to release her untainted assets so Chittenden could hire new counsel. (Chittenden Decl. ¶¶ 26-27).

Chittenden proceeded to trial and was found guilty on Counts 1, 11, 12, 16, 19, 20, 21, 22, 23, 24 and 25. The Fourth Circuit affirmed Chittenden's conviction. *United States v. Chittenden*, 848 F.3d 188 (4th Cir. 2017). The Supreme Court subsequently granted certiorari, *Chittenden v. United States*, 138 S.Ct. 447 (Mem) (2018). The Fourth Circuit, on remand from the Supreme Court, vacated a forfeiture order entered by the Court but "otherwise affirm[ed] the district court's judgment for the reasons set forth in our original opinion." *United States v. Chittenden*, 896 F.3d 633, 640 (4th Cir. 2018).

Chittenden timely moved for § 2255 relief on July 25, 2019. (ECF 402).

## III. ARGUMENT[1]

**Ground One:   Counsel's Ineffectiveness Impaired Chittenden's Ability to Make a Knowing and Voluntary Decision About Whether to Hire or Fire Retained Counsel**

### A. Legal Standards: Exercising Right To Counsel of Choice

Every defendant has a fundamental right to "a fair opportunity to secure counsel of his own choice." *Powell v. Alabama*, 287 U.S. 45, 53 (1932). This right to hire and select one's counsel of choice is the "root meaning" of the of the Sixth Amendment. *Kaley v. United States*, 571 U.S. 320, 336 (2014) (internal quotations omitted). As Chief Justice John Roberts has explained ". . . the right to counsel of choice is inherently transient, and the deprivation of that right effectively permanent." *Kaley*, 571 U.S. at 356 (Roberts, C.J., dissenting). An individual's right to counsel of choice is violated "*whenever* the defendant's choice is wrongfully denied." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 150 (2006) (emphasis in original). Consequences

---

[1] Chittenden raised an additional claim of ineffective assistance in Ground Two of her § 2255 motion. After further consideration of that claim and the relevant law, Chittenden abandons Ground Two of her § 2255 motion.

which flow from a violation of a defendant's right to counsel of choice are "necessarily unquantifiable," as explained by the Supreme Court:

> Different attorneys will pursue different strategies with regard to investigation and discovery, development of the theory of defense, selection of the jury, presentation of the witnesses, and style of witness examination and jury argument. *And the choice of attorney* will affect whether and on what terms the defendant cooperates with the prosecution, plea bargains, or decides instead to go to trial. In light of these myriad aspects of representation, the erroneous denial of counsel bears directly on the "framework within which the trial proceeds," *Fulminante, supra,* at 310, 111 S.Ct. 1246—or indeed on whether it proceeds at all. It is impossible to know what different choices the rejected counsel would have made, and then to quantify the impact of those different choices on the outcome of the proceedings. Many counseled decisions, including those involving plea bargains and cooperation with the government, do not even concern the conduct of the trial at all.

*United States v. Gonzalez-Lopez*, 548 U.S. 140, 150, (2006) (emphasis added).

Similarly, the right to counsel of choice means that a defendant has a "right to *fire* his retained…lawyer…for any reason or [for] no reason." *United States v. Brown*, 785 F.3d 1337, 1344 (9th Cir. 2015) (emphasis and alterations original); *United States v. Jiminez-Antunez*, 820 F.3d 1267, 1271 (11th Cir. 2016) ("The right to choose counsel is incomplete if it does not include the right to discharge counsel"

defendant "no longer chooses."). Exercising the right to retain or discharge private counsel is in the same category of other personal rights that belong to a defendant such pleading guilty, going to trial, waiving the right to jury trial, testify at trial, forgo an appeal, or maintain innocence at the guilt phase of a trial. *See McCoy v. Louisiana*, 138 S. Ct. 1500, 1508 (2018). This is because the right to counsel of choice affects the autonomy of the defendant. *McCoy*, 138 S. Ct. at 1508. As with other fundamental Sixth Amendment rights, the right to hire or fire retained counsel must be knowing and voluntary. *See e.g., Faretta v. California*, 422 U.S. 806, 819-36 (right to self-representation must be exercised knowingly and voluntarily).

However, in order to adequately protect the right to counsel of choice, a defendant must be fully informed about material facts which would impact the exercise of this right. *See e.g., Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.,* 528 U.S. 152, 165 (2000) (Scalia, J., concurring in judgment) ("Our system of laws generally presumes that the criminal defendant, after being fully informed, knows his own best interest and does not need them dictated by the State."). Since it is a "fundamental legal principle that a defendant must be allowed to

make his own choices about the proper way to protect his own liberty," *McCoy* 138 S.Ct. 1508, the Constitution also requires disclosure of material information to make counsel of choice decisions. *See e.g., Weaver v. Massachusetts*, 137 S.Ct. 1899, 1908, (internal citations omitted).

Furthermore, it is the Government's burden to show that any such waiver was knowing and voluntary. *See e.g., Michigan v. Harvey*, 494 U.S. 344,354 (1990); *Olden v. United States*, 224 F.3d 561, 569-570 (6th Cir. 2000) (Sixth Amendment waiver only valid when the defendant "knowingly, intelligently, and voluntarily" agrees). The failure to advise a defendant about the existence of material facts such as the right to secure different representation can constitute deficient performance. *See Dorival v. United States*, No. CR 2004-154, 2013 WL 12340563, at *5 (D.V.I. Sept. 20, 2013), *report and recommendation adopted*, No. CR 04-154-2, 2014 WL 12809856 (D.V.I. Mar. 28, 2014) (assuming, without deciding, that failure to advise client of his right to substitute counsel of his choice was deficient performance).

In sum, the right to counsel of choice "reflects constitutional protection of the defendant's free choice independent of concern for the

objective fairness of the proceeding." *Flanagan v. United States*, 465 U.S. 259, 268 (1984).

### B. Counsel's Withholding Of Material Information When Chittenden Hired Counsel Was Ineffective

Chittenden was unable to make an intelligent, knowing, and voluntary decision about whether to hire attorney John Davis and Doug Ross because they failed to disclose their longstanding relationship with Cardinal Bank. The existence of a constitutional right, such as the right to counsel of choice, "necessarily protect[s] the prerequisites," for the "exercise" of the right. *Luis*, 136 S.Ct. at 1096, 1098 (Thomas, J., concurring). To make certain that the right to counsel of choice is not meaningless the Fifth Amendment must also include the "prerequisite" rule which protects against decisions to retain (or fire) counsel which are not knowing or voluntary. *Id* at 1097; *see e.g., Padilla v. Kentucky,* 559 U.S. 356, 370-71 (2010) (rejecting proposed rule which would have given counsel "an incentive to remain silent on matters of great importance," as "fundamentally at odds with the critical obligation," to advise clients about the advantages and disadvantages of pleading guilty). If the right to hire counsel of choice denies unchecked power to freeze a defendant's assets pretrial, then how could it not also include

protection against the unknowing exercise of the right to hire based on counsel's material omissions to their client?

As previously discussed, Chittenden did not find out until long after trial that "Davis and Ross had prior, close business relationships with Cardinal Bank." (Chittenden Decl. ¶ 28). If Chittenden had known that Davis and Ross had close relationships with Cardinal Bank, she would not have hired either of them. (Chittenden Decl. ¶ 28). An attorney is obligated to advise a client about actual and potential conflicts because such information is, among other things, relevant to the decision-making process of choosing a lawyer. As the Tenth Circuit has remarked:

> 'Attorneys are not fungible;' often 'the most important decision a defendant makes in shaping his defense is his selection of an attorney.'

*United States v. Maley*, 681 F. App'x 685, 687 (10th Cir. 2017) (quoting *United States v. Collins*, 920 F.2d 619, 625 (10th Cir. 1990).

Because of counsel's failure to disclose their longstanding and close relationship with Cardinal Bank, Chittenden was unable to knowingly and voluntarily exercise her right to counsel of choice. And since Chittenden was deprived of this right—the right to counsel of her

choice—no further showing of prejudice is necessary. *United States v. Gonzalez-Lopez*, 548 U.S. at 147–48. Deprivation of Chittenden's right was "complete" at the time of denial and this is true without regard to the quality of any representation she later received. *Id*. As a result of this denial, Chittenden's convictions cannot stand.

### C. Counsel's Withholding of Information And Failure To Advise Chittenden Of Her Ability To Hire New Counsel With Untainted Assets Impaired Her Right To Fire Counsel of Choice

Chittenden eventually learned of Davis and Ross' relationship with Cardinal Bank. But by then, Chittenden was in federal prison serving her sentence. (Chittenden Decl. ¶ 28). Davis and Ross had an obligation to tell Chittenden about their relationship with Cardinal Bank, at a minimum, after agreeing to represent Chittenden. Chittenden needed this information so she could knowingly and voluntarily consider whether to exercise her right to fire Davis and Ross. *United States v. Jiminez-Antunez*, 820 F.3d 1267, 1271 (11th Cir. 2016) ("The right to choose counsel is incomplete if it does not include the right to discharge counsel" defendant "no longer chooses."); *Brown*, 785 F.3d at 1344.

Similarly, Davis and Ross were ineffective for failing to explain to Chittenden that if Chittenden fired Davis and Ross the Court would have been required to release Chittenden's untainted assets so she could hire new counsel. *United States v. Farmer*, 274 F.3d 800, 804 (4th Cir. 2001) (recognizing right to use untainted assets to hire counsel). Davis and Ross were aware of Chittenden's dissatisfaction with them. If Chittenden had known that she could fire Davis and Ross—and receive access to her funds to hire other counsel—she would have. Chittenden's inability to knowingly and voluntarily exercise her right to fire retained counsel is presumptively prejudicial because the error is tied to the denial of the right to counsel of choice. *Gonzalez-Lopez*, 548 U.S. at 147-48.

### IV. AN EVIDENTIARY HEARING IS WARRANTED

Under section 2255, an evidentiary hearing is warranted and must be granted "[u]nless the motion and the files and record of the case *conclusively show* that the prisoner is entitled to no relief." 28 U.S.C. § 2255 (emphasis added). The standard to obtain an evidentiary hearing is not a "high bar for petitioners to meet." *United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008). Here, the record does not refute

Chittenden's allegations. Therefore, the Court should schedule an evidentiary hearing.

## VII.  CONCLUSION

Based on the foregoing, the Court should grant Chittenden 28 U.S.C. § 2255 relief.

Respectfully submitted,

/s/ Brandon Sample
Brandon Sample
**Brandon Sample PLC**
P.O. Box 250
Rutland, Vermont 05702
Tel:  (802) 444-4357
Fax: (802) 779-9590
E-mail: brandon@brandonsample.com
Vt Bar: 5573

*Counsel P.H.V. for Lorene Chittenden*

/s/ Makiba Gaines
Makiba Gaines, Esq.
Virginia State Bar No. 93983
The Gaines Law Firm, P.L.L.C.
780 Lynnhaven Parkway, Suite 400
Virginia Beach, VA 23452
Phone: (757) 322-7826
Facsimile: (757) 337-4037
Email: mg@legalhelp757.com

*Local Counsel for Lorene Chittenden*

## CERTIFICATE OF SERVICE

    I, Makiba Gaines, Esq., certify that a true and correct copy of the foregoing document was duly served on the United States via CM/ECF this 30th day August 2019.

                                            /s/ Makiba Gaines
                                            Makiba Gaines