IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    *Plaintiff*, )<br>)<br>  v. )<br>)<br>LORENE CHITTENDEN, )<br>)<br>    *Defendants.* )<br>) | Civil Action No. 1:12-cr-00394<br>Hon. Liam O'Grady |

## **ORDER**

This matter comes before the Court on Defendant's Motion Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the reasons set out in this Order, it is hereby **ORDERED** that this Motion is **DENIED**.

### I. BACKGROUND

Defendant Lorene Chittenden was charged in 2013 for conspiring to commit bank fraud and engaging in multiple counts of bank fraud. Dkt. 412 at 1. She was accused and subsequently convicted of submitting loan applications containing false information and sentenced to 42 months of incarceration and three years of supervised release. *Id.* at 1–2. The Fourth Circuit affirmed her conviction and sentence. *Id.* at 2.

### II. DISCUSSION

Defendant's Motion is premised on a claim of ineffective assistance of counsel. The government argues that Defendant defaulted this claim and thus cannot raise it now, and further that the claim fails on the merits.

1

The government is incorrect in its first assertion. It is true that a claim may be procedurally defaulted when it is not raised in a party's initial case or on direct appeal. *United States v. Fugit*, 703 F.3d 248, 253–54 (4th Cir. 2012). This type of default can only be excused when the party making the claim can show either actual innocence or justification for the default and prejudice arising from it. *Id.* However, Defendant is not required to make any such showing to properly raise this claim. The Fourth Circuit has held that, when an ineffective assistance of counsel claim is not preserved on the record below, it is improper to raise it for the first time on direct appeal. *United States v. DeFusco*, 949 F.2d 114, 120 (4th Cir. 1991). In that situation, it is proper to raise the claim in a § 2255 habeas motion for collateral relief, as Defendant has done here, so that she can establish a record for review and the attorney(s) accused of ineffectiveness are able to respond fully. *Id.* Defendant's Motion faces no procedural bar and is properly raised.

The government's second assertion is correct; Defendant is unable to succeed on her claim of ineffective assistance of counsel because she cannot show that she was prevented from being represented by the lawyer(s) she wanted. The Sixth Amendment gives a criminal defendant the right to assistance of counsel. A defendant who can afford to hire an attorney is generally permitted to hire the attorney she chooses, provided that the attorney is qualified to practice before the court and is "effective." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Counsel is considered ineffective when his conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Id.*

Defendant claims that "the right to hire or fire retained counsel must be knowing and voluntary." Dkt. 406 at 6. As support, she cites cases concerning a defendant's waiver of her right to counsel, which indeed must be knowing and voluntary. *See Michigan v. Harvey*, 494 U.S. 344 (1990); *Olden v. United States*, 224 F.3d 561 (6th Cir. 2000). This rule, however, does not apply

broadly to all the decisions a defendant makes about her representation; it is a narrow rule that applies to the waiver of her right to counsel. These cases do not mean, as Defendant believes, that her decision to keep the counsel she chose must be "knowing and voluntary" at every step. Thus, there is no presumption that Defendant's assistance of counsel was ineffective. To succeed on her Motion, Defendant would have needed to show that her assistance of counsel was constitutionally deficient by falling below an objective standard of reasonableness and that the deficiency resulted in prejudice. *Strickland*, 466 U.S. at 687 – 88.

Defendant can make no such showing here. She alleges several so-called deficiencies: that the attorneys were inexperienced in the specific area of mortgage law, that they were costing too much money in billable hours, that they did not fight hard enough to have her assets released, and that they never advised her of her right to fire them and obtain other counsel. Dkt. 402-1. However, the Fourth Circuit held in a related case concerning this same matter that the Defendant never indicated on the record wanting to retain different counsel. *United States v. Chittenden*, 848 F.3d 188, 194 (4th Cir.), cert. granted, judgment vacated, 138 S. Ct. 447, 199 L. Ed. 2d 327 (2017). According to that Court, the attorneys representing her did so "aggressively." *Id.* at fn. 3. The actions of those attorneys conformed to the objective standard of reasonableness required by *Strickland*. *Strickland*, 466 U.S. at 687 – 88.

Furthermore, the Defendant makes no allegations of prejudice. Dkt. 415. Instead, she claims that she "does not need to demonstrate prejudice for this kind of ineffectiveness claim" and that the alleged denial of her right to counsel of choice is "presumptively prejudicial." Id. at 2. This argument is based on her claim that her decision to keep the counsel she initially retained must be knowing and voluntary at every juncture. As explained above, this claim is incorrect. Defendant is required to show prejudice in order to prove ineffective assistance of counsel and has

declined to provide argument or evidence to that point.

### III. CONCLUSION

Defendant has failed to make *prima facie* showing that she received ineffective assistance of counsel and that such ineffective assistance resulted in prejudice against her. For the foregoing reasons, Defendant's Motion Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence is hereby **DENIED**.

It is **SO ORDERED**.

October 20, 2020
Alexandria, Virginia

Liam O'Grady
United States District Judge